**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES STANTON SULLIVAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-177 (MTT)** |
| | ) | |
| **NEV7, LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

On May 6, 2026, plaintiff Charles Stanton Sullivan, Jr., proceeding pro se as the personal representative of the estate of Ruth S. Sullivan, filed this action. ECF 1. Sullivan's complaint is incomprehensible and lacks essential information. Accordingly, the Court **ORDERS** Sullivan to amend his complaint by **June 9, 2026**.

First, Sullivan's complaint is subject to dismissal as a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that a court may dismiss a shotgun complaint pursuant to its inherent power to manage its docket.). However, before a complaint is dismissed as a shotgun pleading, the court generally must allow a litigant to fix the deficiencies. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "A Shotgun pleading is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Webb v. Miami-Dade Cnty. Gov't*, 2023 WL 7299859, at *2 (S.D. Fla. Nov. 6, 2023). There are four main types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a

combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate[] into a different count each cause of action or claim for relief" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23 (citations omitted). Sullivan's complaint does not assert his legal claims as separate counts, it fails to specify which defendants are responsible for which alleged legal violation, it appears to assert claims against an unspecified number of "unknown defendants," and it fails to clearly explain how the alleged facts are connected to a specific claim for relief. *See* ECF 1. Thus, if Sullivan wishes to proceed, his amended complaint must comply with the following.

In his amended complaint, Sullivan must include a "statement of claims" section. In that section, Sullivan must break down each claim he wishes to assert into numbered counts. Sullivan must link any claims he makes to a named defendant. Sullivan must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Sullivan list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Sullivan injured as a result of each defendant's actions?

Sullivan's complaint has several additional deficiencies apart from his failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. First, Sullivan fails to clearly allege how the Court has subject matter jurisdiction.[1] Thus, in his amended complaint, Sullivan shall clearly state the basis for subject matter jurisdiction.[2]

Additionally, Sullivan alleges that he brings this action as the personal representative of his mother's estate. ECF 1 at 1. However, Sullivan does not allege whether he has been appointed as the personal representative of his mother's estate. Nor does he allege how he is entitled to represent his mother's estate as a pro se litigant. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928 (11th Cir. 2012); O.C.G.A. § 15-19-51(a)(1)-(2). Sullivan shall, therefore, state in his amended complaint whether he has been appointed as the personal representative of his mother's estate and, if Sullivan is not a lawyer, he shall explain how he is entitled to represent his mother's estate as a pro se litigant.

Finally, it appears that a printing error caused parts of Sullivan's complaint to be illegible. Sullivan shall ensure that his amended complaint is legible in its entirety.

---

[1] Sullivan states that "[v]enue is properly established in this Court under 28 U.S.C. § 1332 as to diversity and cost that are to exceed $75,000" and that "[v]enue is properly established in this Court under 42 U.S.C. § 1983." ECF 1 ¶¶ 35. He also lists several Federal statutes, including criminal statutes. *See* ECF 1 ¶¶ 22-28. But it is unclear which statutes he intends to assert claims under, and Sullivan does not allege where each party is domiciled. Thus, the Court cannot tell whether federal question jurisdiction or diversity jurisdiction exists.

[2] If Sullivan contends that the Court has diversity jurisdiction under 28 U.S.C. § 1332, he shall fully list the citizenship of each party, including the Plaintiff. An individual is a citizen in the last state he or she resided with the intent to remain. *Scroggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). The legal representative of an estate of a decedent is a citizen where the decedent is a citizen. 28 U.S.C. § 1332(c)(2) A corporation is a citizen in the state where it was incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). A limited liability company ("LLC") is a citizen in each state where a member of the LLC is a citizen. *Flintlock Const. Servs., LLC v. Well-Come Holdings*, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013).

Sullivan's amended complaint will take the place of and supersede his original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Sullivan may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Sullivan is **ORDERED** to amend his complaint by no later than **June 9, 2026**. Sullivan's failure to fully and timely comply with this order may result in dismissal of this case.

**SO ORDERED**, this 21st day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-4-