**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHARLES STANTON SULLIVAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-177 (MTT)** |
| | ) | |
| **NEV 7, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Pro se plaintiff Charles Stanton Sullivan, proceeding pro se, filed this action as the personal representative of his deceased mother's estate. ECF 1. Because his complaint lacked essential information, the Court ordered Sullivan to amend his complaint by June 9, 2026. ECF 3.

The time for compliance passed without a response from Sullivan. As a result, Sullivan was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. ECF 4. Sullivan was given until July 7, 2026, to comply with the Court's orders and instructions and was warned that failure to comply could result in dismissal of this action. *Id*.

The time for compliance has again passed without a response from Sullivan. As Sullivan was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th

-2-

Cir. 1978))[1]. Accordingly, Sullivan's complaint (ECF 1) is **DISMISSED without prejudice**.

      **SO ORDERED**, this 17th day of July, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).